# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

The Estate of Rafael Leavitt-Rey,

    Plaintiff,

        vs.

Samuel Marrero-Gonzalez et al.,

    Defendants.

CIVIL NO: 16-2769 (RAM)

## OPINION AND ORDER

### I.  INTRODUCTION

Pending before the Court is Defendants' August 6, 2019 *Motion for Reconsideration Concerning Jury Trial* ("Motion for Reconsideration"). (Docket No. 397). On August 9, 2019 Plaintiff filed a *Response in Opposition to Motion for Reconsideration Concerning Jury Trial* ("Response") (Docket No. 401) to which Defendants' subsequently filed a *Reply to Response in Opposition to Motion for Reconsideration Concerning Jury Trial* ("Reply") (Docket No. 405). Recently, Plaintiffs filed a *Sur-Reply to Defendants Reply for Reconsideration Concerning Jury Trial* ("Sur-Reply") (Docket No. 411). For reasons set forth below, the Court **DENIES** Defendants' *Motion for Reconsideration* at Docket No. 397.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2016, Rafael "Raphy" Leavitt-Rey's Estate ("Plaintiff" or "the Estate") filed suit against twelve (12) musicians, as well as their spouses (identified therein as "Jane

Does") and the conjugal partnership between them, when applicable. (Docket No. 1 at 1-2). Specifically, Plaintiff accused the musicians of copyright infringement under the Copyright Act and the Puerto Rico Moral Rights Act for five (5) of the Estate's songs. (Docket No. 1 at 13-24). The *Complaint* also accused Madera Events, Corp. ("MEC"), the Municipality of Hormigueros, the Centro Cultural de Corozal, Inc. ("CCC"), the Municipality of Corozal, JAR Marketing Communications, Inc. ("JAR") and the Municipality of Utuado (collectively with above-named defendants, "Defendants") of contributory infringement. Id. at 24-28. The *Complaint* does not include a jury demand. (Docket No. 1 at 1-2). Finally, the *Complaint* sought a preliminary injunction to enjoin Defendants' continued violations of the Estate's rights. Id. at 28-29.

On April 6, 2018, the Court authorized the filing of Plaintiff's *Amended Verified Complaint* ("AVC") (Docket No. 163). The *AVC* contains two fundamental changes. First, it named the spouses of the musicians as in the original *Complaint* they were only included as "Jane Does." (Docket No. 160-1). Second, the *AVC*'s case caption was edited to include "Demand for Jury Trial" but no jury demand was incorporated in the allegations of the *AVC*. Id.

At the status conference held on August 2, 2019, the Estate clarified that it had not requested a trial by jury. (Docket No. 386). Defendants did not object to the clarification at that time.

On August 6, 2019, Defendants filed a *Motion for Reconsideration* requesting a jury trial and referencing Plaintiff's alleged jury demand at Docket No. 160-1. (Docket No. 397 at 2). Plaintiff responded that they did not make a jury demand pursuant to Fed. R. Civ. P. 38(b) and thus, a bench trial is proper. (Docket No. 401 at 4-11). In their *Reply*, Defendants reiterate that the Estate made an appropriate jury demand and, as a contingency measure, Defendants request a jury trial pursuant to Fed. R. Civ. P. 39(b). (Docket No. 405 at 3-9). Lastly, Plaintiff avers in its *Sur-Reply*, that Defendants failed to address how their motion under Fed. R. Civ. P. 39(b) affords them a jury trial and reiterated that as the *AVC* failed to include new parties or issues of law, the alleged jury trial demand therein was waived. (Docket No. 411 at 2).

### III. MOTIONS FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. If a motion seeks to alter or amend a judgement, Courts may consider them under Fed. R. Civ. P. 59(e) ("Motion to Alter or Amend a Judgment") or Fed. R. Civ. P. 60(b) ("Grounds for Relief from a Final Judgment, Order, or Proceeding." *See* Ruiz-Justiniano v. United States Postal Serv., 2018 WL 4562080, at *1 (D.P.R. 2018). The First Circuit Court of Appeals ("First Circuit") has stated that a reconsideration is "an extraordinary remedy which should be used sparingly." U.S. ex rel.

Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). A district court may **only** grant one if: "[1] the original judgment evidenced a manifest error of law, [2] if there is newly discovered evidence, or [3] in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citation omitted). Therefore, it "is unavailable if said request simply brings forth a point of disagreement between the court and the litigant, or rehashes matters already properly disposed of by the Court." Figueroa Carrasquillo v. Drogueria Cent., Inc., 2018 WL 8584211, at *2 (D.P.R. 2018). Hence, a reconsideration does "**not provide a vehicle for a party to undo its own procedural failures.**" United States v. Pena-Fernandez, 2019 WL 3716472, at *2 (D.P.R. 2019) (quotation omitted) (emphasis added).

## IV.  DEMAND FOR A JURY TRIAL

### A. Requirements for a Jury Trial Demand under Fed. R. Civ. P. 38:

Fed. R. Civ. P. 38 establishes the way a jury trial demand must be made. *See* Bogosian v. Woloohojian Realty Corp.*,* 323 F.3d 55, 62 (1st Cir. 2003). Notably, subsection (b) provides:

> (b)   **Demand.** On any issue triable of right by a jury, a party may demand a jury trial by:
>
>     (1) serving the other parties with a written demand-which may be included in a pleading-no later than 14 days after the last pleading directed to the issue is served; and

(2) filing the demand in accordance with Rule 5(d).

Local Rule 38 also governs demand for a jury trial. *See* D.P.R. Civ. R. 38. Said Rule states that **"[i]f a demand for jury trial is endorsed on a pleading**, the designation or title of the pleading shall include the words "AND DEMAND FOR JURY TRIAL" or the equivalent on the first page **in addition to the endorsement."**

Although a right to a jury trial is guaranteed by the Seventh Amendment of the United States Constitution, Fed. R. Civ. P. 38(b) states that a party must demand a jury trial no later than fourteen (14) days after the service of the last pleading towards an issue, if not it is waived.[1] *See* T G Plastics Trading Co., Inc. v. Toray Plastics (America), Inc., 775 F.3d 31 (1st Cir. 2014). This waiver can occur either by expressly or implicitly agreeing to a bench trial. *See* Lamex Foods, Inc. v. Audeliz Lebron Corp., 646 F.3d 100, 106 (1st Cir. 2011).

## B. The Interplay Between Amendments to the Pleadings and the Right to Make a Jury Demand for Jury Trial:

Amendments and supplemental pleadings only revive the right to make a jury trial demand if they present **"new issues"** of fact. Multiple Courts of Appeals have reiterated this stance. *See e.g.*, Westchester Day Sch. v. Vill. of Mamaroneck, 504 F.3d 338, 356 (2d

---

[1] Regarding the meaning of "pleading," this Court has taken it to "refer[] generally to a complaint and answer, and a reply to a counterclaim, third-party complaint and third-party answer, if applicable. Fed. R. Civ. P. 7(a)." Felix-Hernandez v. Am. Airlines, Inc., 539 F. Supp. 2d 511, 512 (D.P.R. 2007).

Cir. 2007) (holding that an amended answer which only added new affirmative defenses, did not revive a right to jury trial); <u>Lutz v. Glendale Union High Sch., Dist. No. 205</u>, 403 F.3d 1061, 1066 (9th Cir. 2005) (finding that if additional claims are new issues under Rule 38(b), then the plaintiff's jury trial demand is timely). Hence, if the issues raised in both the original and the amended complaint "turn on the same matrix of facts", then a jury demand in the amended one is **improper**. *See* <u>Lutz</u>, 403 F.3d at 1066. As a leading treatise states: "[I]f the amended or supplemental pleading […] merely changes the theory of the case or the relief requested, then a jury trial right previously waived […] is not revived." 9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2320 (3d ed. 2019).

Furthermore, **adding or changing new defendants via an amended complaint, without adding new issues, does not revive the right to make a jury demand**. *See* <u>Daniel International Corporation v. Fischbach & Moore, Inc.</u>, 916 F.2d 1061, 63-64 (5th Cir. 1990) ("However, the only pleading on which a demand was endorsed merely added a party to its counterclaim. […] It did not plead any new issues."); <u>State Mut. Life Assur. Co. of Am. v. Arthur Andersen & Co.</u>, 581 F.2d 1045, 1049 (2d Cir. 1978) ("[T]he mere addition of co-defendants one year after [the] expiration of [a party's] time to demand a jury [does not] reviv[e] its previously waived jury trial rights."); <u>Com. of Pa. ex rel. Feiling v. Sincavage</u>, 439

F.2d 1133, 1134 (3d Cir. 1971)(same). Likewise, District Courts have also determined that adding or changing defendants in an amended complaint fails to revive a right to a jury trial. For example, in Bill Darrah Builders, Inc. v. Hall at Makena Place, LLC, the United States District Court for the District of Hawaii determined that "[n]either does the addition of [another plaintiff] save Defendants from their failure to timely demand a jury trial. FRCP 38(b) is silent as to newly added parties. However, courts have consistently concluded that the mere addition of new parties does not revive the window to demand a jury trial.") Bill Darrah Builders, Inc. v. Hall at Makena Place, LLC, 2017 WL 11139679, at *4 (D. Haw. 2017); see also, Isystems v. Spark Networks Ltd., 2015 WL 13469855, at *2 (N.D. Tex. 2015) (same) Jones v. WATCO Companies, L.L.C., 2014 WL 642018, at *2 (N.D. Okla. 2014) (same); Sea Carriers Corp. v. Empire Programs Inc., 2007 WL 221521, at *1 (S.D.N.Y. 2007) (same); Jones v. Boyd, 161 F.R.D. 48, 50 (E.D. Va. 1995)(same); Gamboa v. Med. Coll. of Hampton Roads, 160 F.R.D. 540, 542 (E.D. Va. 1995) (finding that amendment of complaint to change name of employer-defendant and increase punitive damages did not renew jury trial demand).

Defendants contend that the Estate's inclusion of "demand for jury trial" in the AVC's caption at Docket No. 160-1 suffices as a jury demand. (Docket No. 397 at 3). It does not. As the Estate posits in its Response, Local Rule 38 requires that jury trial

demand be included in the title of the pleading, **and** in the pleadings, or at the very least in the pleading's endorsement. (Docket No. 401 at 10-12). A review of the *AVC* shows a lack of any request for a jury trial in the averments of the *AVC*. (Docket No. 160-1). Neither does the fact that Plaintiff checked the "jury demand" box in the Civil Cover sheet suffice as a jury demand request. (Docket No. 1-11 at 1). The First Circuit held as much in Omawale v. WBZ: "Mr. Omawale contends that by checking a box on the Civil Cover Sheet indicating that a jury demand had been made he satisfied the requirements of Rule 38. **However, the notation on the Cover Sheet is not a substitute for the service of written notice on the defendants required by the Federal Rules**." Omawale v. WBZ, 610 F.2d 20, 22 (1st Cir. 1979) (citation omitted) (emphasis added). Here, the Docket shows no jury demand had been served to Defendants nor were they provided written notice of it. *See e.g.*, Cordero v. Froats, 2016 WL 7437133, at *3 (D.N.M. 2016) ("The fact that the Civil Cover Sheet was on the docket sheet at the time of the acceptance of service does not establish that Plaintiff timely served the civil cover sheet.")

Moreover, Plaintiff asserts that the *AVC* and the original *Complaint* are identical in terms of claims, issues and facts. The only difference is that "the AVC replaced the Jane Doe pseudonyms of the spouses for the Musicians with their correct name." (Docket No. 401 at 9). Defendants counter that the inclusion of the

pseudonyms who were not summoned in the original *Complaint*, but were summoned with the *AVC*, suffices to prove that said spouses were served a complaint which included a jury demand. (Docket No. 405 at 8). Given that the spouses had not been served before and were served a complaint with a caption "requesting" a jury demand, Defendants believe that a jury trial was properly demanded. Id. at 9-14. That is simply incorrect. As reiterated above, if the facts and claims in an amended and original complaint are the same, as in the present case, then adding or changing defendants does not revive a jury trial demand. Here, the names of spouses were changed from "Jane Does" to their real names. Whether those "additional" defendants were summoned or not is irrelevant to the discussion at hand.

The Docket also reveals that Defendants made no jury demand in their responsive pleadings to the original *Complaint*. (Docket Nos. 55, 105, 115, 118, 120 and 125). The entry at Docket No. 125 filed on November 16, 2017 was Defendants last response to the original *Complaint*. (Docket No. 401 at 5). On the other hand, Plaintiff's last responsive pleading was an *Answer to Answer to Complaint/Counterclaim* at Docket No. 125 on December 7, 2017. (Docket No. 139). Therefore, the parties had fourteen (14) days from the aforementioned filing dates to make a jury demand. *See* Fed. R. Civ. P. 38(b). **No jury demand was made neither within the *Answers* nor within the fourteen-day window provided by Fed. R.**

**Civ. P. 38(b). Thus, the right to make a jury demand regarding the claims in the *AVC* was waived.**[2] *See* <u>Montanez-Baez v. Puerto Rico Ports Auth.</u>, 509 F. Supp. 2d 152, 155 (D.P.R. 2007) ("Plaintiffs [and Defendants] had a time limit for requesting a jury trial and they failed to abide by it. […] Plaintiffs [and Defendants] have waived their right to trial by jury.")

### C. The Court's Discretion to Order a Jury Trial Pursuant to Fed. R. Civ. P. 39(b):

Rule 39(b) provides the district court with discretion to order that a case be tried by jury, even when no timely motion has been filed. *See* <u>TG Plastics Trading Co., Inc.</u>, 775 F.3d at 36. The Rule states that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Most notably, the Court's discretion to grant a Motion under Fed. R. Civ. P. 39 is a very broad one. *See* <u>T G Plastics Trading Co.</u>, 775 F.3d at 36. Hence, "[it] would be very rare indeed where a district court abused its discretion in denying *or* granting a Rule 39(b) motion." <u>Id</u>. (quotation omitted).

---

[2] The record also reveals that during the Status Conference on August 2, 2019, Plaintiff clarified that there was no jury demand in the case at bar. (Docket No. 386). Moreover, Defendants failed to object to Plaintiff's clarification. (Docket No. 386). Defendants insist that they did not object at the time because they had not sufficiently reviewed the Docket. (Docket No. 397 at 2). This excuse does not suffice. At the very minimum, Defendants could have insisted on a jury trial at the Status Conference. Instead, they kept silent.

This District has delineated several factors courts must consider when deciding whether to grant a Rule 39(b) motion. These include: (1) whether granting the trial demand would prejudice an adverse party; (2) to what extent would jurors require special instructions so that they may understand the issues at bar; (3) if the factual matters will be easily understood by the jury; and (4) whether granting the motion would cause delays and disruptions. *See* Ramirez-Suarez v. Foot Locker Inc., 609 F. Supp. 2d 181, 185 (D.P.R. 2009); *see also* Rivera Rosa v. Citibank, N.A., 549 F. Supp.2d 155, 157 (D.P.R. 2007). Although the First Circuit has highlighted that Fed. R. Civ. P. 39(b) "may be animated by any cognizable affirmation of one party's intent to avail [themselves] of a jury trial[,]" courts are still tasked with analyzing these four factors before ordering a jury trial. Ramirez-Suarez, 609 F. Supp. 2d at 185 (quoting Moores v. Greenberg, 834 F.2d 1105, 1108 (1st Cir. 1987)). Defendants allege that Plaintiff's jury trial request in the *AVC*'s caption was such an affirmation. First, the Court agrees with Plaintiff that Defendants, in requesting a trial by jury pursuant to Fed. R. Civ. P. 39(b) in their *Reply*, failed to instruct the Court as to how Defendants meet the above-mentioned factors and thus warrant a jury trial. (Docket No. 405 at 6, 9; Docket No. 411 at 3). Be that as it may, the application of the factors favors a bench trial.

Regarding the first factor, the Court finds that Plaintiff will be prejudiced by having a trial by jury. The Estate alleges this is so because a jury would allegedly be influenced by the negative publicity the case has received over the last three years. (Docket No. 401 at 20-22). Moreover, prejudice may arise if a party was under the impression that it was preparing for a bench-trial as opposed to a jury trial. *See e.g.*, CPH Int'l, Inc. v. Phoenix Assur. Co. of New York, 1993 WL 485356, at *2 (S.D.N.Y. 1993) ("However, a defendant's longstanding reliance on a bench trial mandates denial of an untimely jury demand only if, as a result of such reliance, such defendant had prepared its case so differently 'that it would be unduly prejudiced by the prospect of a trial by jury.'"). The record suggests that Plaintiff has been preparing for this trial as a bench trial since inception. The Estate did not make a proper jury demand under Fed. R. Civ. P. 38(b) and Local Rule 38 when it had multiple opportunities to do so.

Additionally, and regarding the second and third factors, Plaintiff states that the claims set forth in the *Complaint* will require special instructions and include a factual scenario not easily understood by a jury. While it is true that copyright infringement cases have traditionally been seen by a jury, especially those dealing with statutory damages, here there are additional complex issues which would warrant the issuance of special jury instructions. *See* Feltner v. Columbia Pictures

Television, Inc., 523 U.S. 340, 349 (1998). These include "willfull actions" by Defendants, the nuances of when a work is a derivative work and whether the Estate's works would fall under the 1909 or the 1976 copyright laws as based on when they were published, to name a few. (Docket No. 411 at 4). Further, as Plaintiff rightfully pointed out, Defendants are aware that there are numerous complex issues (which Defendants allege were created by Plaintiff itself) such as those which "derive from the fact that plaintiff sued not only the corporation and its officers, but also every single employee or contractor, their conjugal partnerships, and even their individual spouses." (Docket No. 405 at 19; Docket No. 411 at 4). Moreover, as Plaintiff suggests, an overview of the immense *Joint Proposed Memorandum* (which is over 170 pages long) at Docket No. 361 reveals not just a detailed outline of each party's allegations and diverging issues, but also five pages of contested issues of law between all parties. (Docket No. 361 at 109-114). The Court notes that complexity alone "is not a basis to deny a jury trial because 'juries are commonly called upon to decide complex cases.'" Ramirez-Suarez, 609 F.Supp. at 185 n.3 (quoting Green Constr. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1011 (10th Cir.1993). However, this is not just a "complex" case as it is evident from the record that understanding the multitude of moving parts regarding factual and legal issues herein would not be an easy task for potential jurors.

Lastly, the fourth factor regarding delays and disruptions is determinative as to why granting a jury trial in this case is improper. Defendants cite Ramirez-Suarez v. Foot Locker, Inc. in their *Reply* to show that in the past, this District has granted a jury trial under Fed. R. Civ. P. 39(b) **even when an amended complaint offered no new issues**. It must be noted that in Ramirez-Suarez, no trial date had been set. *See* Ramirez-Suarez, 609 F. Supp. 2d at 185. In the case at bar, a pretrial conference is set for January 21, 2020 while a **non-jury trial** is set for February 10, 2020. Likewise, all parties would have to prepare for a new jury trial, during holiday-impacted months, almost a year after the original discovery deadline of September 12, 2018. (Docket No. 159).[3] Additionally, Plaintiff's *Motion for Reconsideration of the Estate's Motions for Summary Judgment* is still pending before the Court. (Docket No. 379). Thus, the state of proceedings weighs against Defendants' request. *See e.g.*, Tech. & Supply Mgmt., LLC v. Johnson Controls Bldg. Automation Sys., LLC, 2016 WL 9412456, at *3 (E.D. Va. 2016).

In Tech. & Supply Mgmt., LLC, the Eastern District Court of Virginia determined that the timing of the filing of the Rule 39(b) motion was critical given that it was filed "more than three weeks after discovery closed and approximately two holiday-

---

[3] The Court denied Defendants' request to extend the discovery deadline filed at entry Docket No. 350 in April 2019. (Docket No. 392).

impacted months before trial, with any summary judgment motions also to be filed and argued in that period." Id. As such, the Tech. & Supply Mgmt., LLC Court concluded that "the timing of the Motion late in the proceedings weighs against plaintiff [here, defendants]." Id. Therefore, unlike in Ramirez-Suarez, granting a jury request would certainly cause undue delays to all parties. Finally, Defendants present no valid reasons as to why they are filing a jury demand *now*. The Court thus denies Defendants' jury trial request pursuant to Fed. R. Civ. P. 39(b).

## V. OTHER ISSUES

The Court notes that in its *Response* Plaintiff alleges that if the trial were to become a jury trial, the accumulated negative publicity of the past three (3) years would cause "irreparable harm" to the Estate. (Docket No. 401 at 20-22). As proof, Plaintiff included in footnote 7 of its *Response* interviews conducted through local television, radio and other media types to show that Defendants have aggressively litigated the case in the media. (Docket No. 401 at 21 n.7). The links provided however were in Spanish and Plaintiffs failed to file English translations of the same as required by Local Rule 5(g). *See* D.P.R. Civ. R. 5(g). The Estate is **ORDERED** to file the certified translation of those documents. They shall have twenty-one (21) days to do so since the filing of this Opinion and Order.

## VI.   CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants'
*Motion for Reconsideration Concerning Jury Trial* (Docket No. 397).
Further, the Estate has twenty-one (21) days since the filing of
this Opinion and Order to file certified translations of all the
documents mentioned in footnote 7 of its *Response*. (Docket No. 401
at 21 n.7).

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 13th day of September 2019.

S/ RAÚL M. ARIAS-MARXUACH

United States District Judge