**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| THE ESTATE OF RAFAEL LEAVITT REY, | |
| **Plaintiff** | |
| v. | **CIVIL NO.** 16-2769 (RAM) |
| SAMUEL MARRERO GONZALEZ, *et al.*, | |
| **Defendants.** | |

**OPINION AND ORDER[1]**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff the Estate of Rafael "Raphy" Leavitt Rey's ("Plaintiff" or "the Estate") *Motion in Limine* (Docket No. 457). Having considered the parties' submissions in support and opposition thereto,[2] the Courts **GRANTS in part** and **DENIES in part** the pending *Motion in Limine*. For the reasons set forth below, the Court **GRANTS** the Estate's *Motion* to preclude the YouTube videos and **DENIES** the Estate's *Motion* to prevent Defendants from raising affirmative defenses at trial. The Court will, however, limit evidence to information presented during the Discovery Period, even if related to these new defenses. Lastly, the Court **DENIES** the Estate's *Motion in Limine* to preclude Defendants from presenting expert witness testimony. The Court

---

[1] Sarah Fallon, a rising second-year student at the University of Michigan Law School, assisted in the preparation of this Opinion and Order.

[2] Docket Nos. 457, 460, 464, 472, 483 and 490.

permits the testimony disclosed by Defendants and finds that it is more appropriately characterized as expert witness testimony under Rule 26(a)(2)(C), which does not require an expert report.

## I. LEGAL STANDARD

Fed. R. Civ. P. 26 dictates the required disclosures a party must proffer to the Court as well as the general provisions which govern discovery issues before and during trial. Specifically, Rule 26 provides that a party must provide to the other parties copies "of all documents, electronically stored information, and tangible things **that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses**, unless the use would be solely for impeachment." Zampierollo-Rheinfeldt v. Ingersoll-Rand de Puerto Rico, Inc., 2020 WL 881011, at *2 (D.P.R. Feb. 21, 2020) (quoting Fed. R. Civ. P. 26(a)(1)(A)(ii)). Fed. R. Civ. P. 26 "promotes fairness both in the discovery process and at trial." TLS Mgmt. & Mktg. Servs. LLC v. Rodriguez-Toledo, 2018 WL 4677451, at *12 (D.P.R. 2018) (quotation omitted). It is meant to "prevent 'trial by ambush,' because opposing counsel cannot adequately cross-examine without advance preparation." Diaz-Casillas v. Doctors' Ctr. Hosp. San Juan, 342 F. Supp. 3d 218, 226–27 (D.P.R. 2018) (citing Macaulay v. Anas, 321 F.3d 45, 50, 52 (1st Cir. 2003)).

Rule 26 also governs expert witness disclosures. To wit, a party must provide the name, "the address and telephone number of

each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). The rule provides for two types of expert witnesses – "those 'retained or specially employed' to provide expert testimony, who must provide a detailed written report […] pursuant to Fed. R. Civ. P. 26(a)(2)(B), and those who may provide the truncated disclosure set out in Fed. R. Civ. P. 26(a)(2)(C)." Wai Feng Trading Co. Ltd. v. Quick Fitting, Inc., 2018 WL 6726557, at *5 (D.R.I. 2018) (quoting Downey v. Bob's Disc. Furniture Holdings, Inc., 633 F.3d 1, 6 (1st Cir. 2011)). For expert witnesses who have not been retained or specially employed for litigation, Fed. R. Civ. P. 26(a)(2)(C) requires that the party "only disclose the subject of the witness's expected expert testimony and a summary of the facts and opinions that the expert may offer." Ferring Pharm., Inc. v. Braintree Labs., Inc., 215 F. Supp. 3d 114, 124 (D. Mass. 2016). *See also* In re Zofran (Ondansetron) Prod. Liab. Litig., 2019 WL 4980310, at *4 (D. Mass. 2019).

If a party fails to abide by Fed. R. Civ. P. 26, Fed. R. Civ. P. 37(c) applies. Rule 37 provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). This District has determined that Fed. R. Civ. P. 37(c)(1) "authorizes the trial court to impose sanctions, up to and including dismissal of the action on account of a party's failure to comply with these automatic disclosure obligations." López Ramírez v. Grupo Hima San Pablo, Inc., 2020 WL 365554, at *3 (D.P.R. 2020) (quotation omitted). However, exclusion of evidence is "not a strictly mechanical exercise." Medina Rodriguez v. Canovanas Plaza Rial Econo Rial, LLC, 2019 WL 5448538, at *5 (D.P.R. 2019) (quotation omitted). The party facing sanctions has "the burden of proving substantial justification or harmlessness to get a penalty less severe than evidence preclusion." Eldridge v. Gordon Bros. Grp., L.L.C., 863 F.3d 66, 85 (1st Cir. 2017).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2016, the Estate filed suit against twelve (12) musicians, their spouses, and the conjugal partnership between them, when applicable. (Docket No. 1 at 1-2). The Estate accused the musicians of copyright infringement under the Copyright Act and the Puerto Rico Moral Rights Act for five (5) of the Estate's songs. Id. at 13-24. The *Complaint* also accused Madera Events, Corp., the Municipality of Hormigueros, the Centro Cultural de Corozal, Inc., the Municipality of Corozal, JAR Marketing Communications, Inc. and the Municipality of Utuado of contributory infringement. Id. at 24-28. Finally, the *Complaint*

sought a preliminary injunction to enjoin Defendants' continued violations of the Estate's rights. Id. at 28-29.

On February 19, 2020, the Estate filed the pending *Motion in Limine* (Docket No. 457) against the musicians, their spouses and conjugal partnership between them, if applicable (collectively, "Defendants"). Generally, it averred that Defendants disclosed certain evidence in an untimely manner and that they should be precluded from presenting that evidence now. The evidence and matters in question include: (1) YouTube videos not disclosed during the Discovery Period; (2) four affirmative defenses brought after the close of Discovery, and (3) an attempt to present expert witnesses, who Defendants did not disclose in a timely manner and for whom they did not prepare expert witness reports. Id. at 4. Defendants disclosed the defenses and expert witnesses in the draft Joint Proposed Pretrial Memorandum ("JPPM") sent to the Estate on January 30, 2019, with the final version of the JPPM submitted to the Court on May 2, 2019. (Docket Nos. 472 at 7; 361). Discovery closed on September 12, 2018. (Docket Nos. 159; 457 at 9 n.6).

After the Estate's *Motion in Limine*, there were numerous motions filed both in support of and in opposition to the pending motion: Defendants' *Motion in Opposition to Plaintiff's Motion in Limine at Dkt. #457 and/or Requesting the Court's Guidance Concerning Evidentiary Motions* (Docket No. 460), *Plaintiff's Motion in Response to Defendants' Request for Guidance Concerning*

*Evidentiary Motions* (Docket No. 464), Defendants' *Opposition to Plaintiff's Motion in Limine at Dkt. #457* (Docket No. 472), the *Estate's Reply to Defendants' Opposition to Motion in Limine at Docket No. 457* (Docket No. 483), and Defendants' *Sur-Reply Concerning Opposition to Plaintiff's Motion in Limine at Dkt. #457.* (Docket No. 490).

### III. ANALYSIS

#### A. YOUTUBE VIDEOS

Defendants in the present case look to admit into evidence publicly available YouTube videos not disclosed throughout the Discovery process. (Docket No. 457 at 4). Defendants assert that their late disclosure was harmless or justified. (Docket No. 472 at 6). The Estate contends that it is prejudiced by the late disclosure because it was not allowed an opportunity to depose Defendants' experts over the reach and conclusions they seek to derive from the videos. (Docket No. 483 at 17). The Estate further contends that, although the videos are publicly available, they had no way of knowing which videos, if any, Defendants would aim to admit into evidence if undisclosed. Id.

The Federal Rules of Civil Procedure **do not grant an automatic exception to disclosure rules for publicly available information**. *See* Shatsky v. Syrian Arab Republic, 312 F.R.D. 219, 223 (D.D.C. 2015). Doing so would require parties to "scour the public domain" for information the opposing party could potentially use against

them throughout litigation. Id. at 224. Thus, parties must provide
notice through disclosure of evidence "central to its claims or
defenses," even if it is publicly available. *See* Martino v. Kiewit
N.M. Corp., 600 Fed. Appx. 908, 911 (5th Cir. 2015).

The U.S. Court of Appeals for the District of Columbia's
Shatsky opinion held that plaintiffs were required to disclose
information during the discovery period even though it was publicly
available. *See* Shatsky, 312 F.R.D. at 223. Thus, discovery
sanctions were necessary to prevent prejudice to the opposing
party. Id. at 225. The Court determined discovery violations cause
prejudice if they prevent the opposition "from timely reviewing
relevant evidence." Id. at 226. Quoting the standard in Shatsky,
the U.S. District Court for the District of Columbia in Stewart v.
District of Columbia then held that the plaintiff was required to
produce all documents during discovery which she intended to use
to support her claims and which the defendant's requests
encompassed. *See* Stewart v. District of Columbia, 2019 WL 4261067,
at *6 (D.D.C. 2019). The documents in question in Stewart were
**either publicly available or in the opposing party's possession
but were nonetheless precluded from evidence.** Id. As in Shatsky
and Stewart, discovery sanctions provide the appropriate means of
preventing prejudice to the Estate. Here, the disclosure of the
YouTube videos would cause prejudice in that the Estate would not

have the opportunity to prepare responses to Defendants' claims regarding the videos. (Docket 483 at 17).

Similarly, in <u>Martino</u>, the plaintiff failed to disclose a contract during the Discovery Period. *See* <u>Martino</u>, 600 Fed. App'x. at 911. Plaintiff later attempted to justify the non-disclosure by claiming that, as it was a public document, it was available to both parties. <u>Id.</u> The U.S. Court of Appeals for the Fifth Circuit held this was not a substantial justification and the link between Rule 26 disclosure requirements and Rule 37 sanctions appropriately allows for the exclusion of late disclosed, publicly available documents. <u>Id.</u> As in <u>Martino</u>, Defendants here have not provided a justification for the untimely disclosure other than that their inclusion would be harmless. (Docket 472 at 17-19). Inclusion of the videos would not, however, be harmless to the Estate. The harm presented by Defendants' untimely disclosure includes the current *Motion in Limine* and subsequent delay to the Court's timeline. *See* <u>Zampierollo-Rheinfeldt v. Ingersoll-Rand de P.R., Inc.</u>, 2020 WL 881011, at *6 (D.P.R. 2020) (holding that a delay in the Court's timeline and potentially re-opening discovery because of the pending *Motion in Limine* amounted to harm caused, even if the opposing party had access to the evidence). Additionally, should the YouTube videos be admitted into evidence, re-opening discovery would present further harm. <u>Id.</u>

In the present case, the videos were likewise disclosed after the close of discovery. Thus, preclusion is warranted. *Cf.* <u>Scholz v. Goudreau</u>, 901 F.3d 37, 51 (1st Cir. 2018) (holding in bandmember trademark case that a timely-presented YouTube video was admissible because it served a commercial purpose and was not subject to constitutional protection). Regardless of their purpose in the litigation, Defendants' YouTube videos are **inadmissible in the case before this Court because they were not presented before the discovery deadline**. Plaintiffs' request to exclude the YouTube videos is therefore **GRANTED**.

**B. AFFIRMATIVE DEFENSES**

Defendants attempt to raise the following affirmative defenses: (1) that there are co-owners of the alleged infringed works which are indispensable parties and that the Estate has no standing to bring forth this action; (2) that the Estate has not sufficiently identified the Copyrighted Works because they have failed to establish the existence of a deposit copy; (3) that the Copyrighted Works are in the public domain due to their publication without copyright notice, and (4) that the Estate has engaged in copyright misuse or unclean hands. (Docket No. 472 at 19). The Estate claims these defenses cannot be brought because they, along with their supporting evidence, were not disclosed until after the close of discovery, resulting in prejudice to the Estate. (Docket

Nos. 457 at 10, 13; 483 at 18). Defendants' initial defense was a
retroactive ASCAP license theory. (Docket No. 483 at 9).

Generally, a failure to plead an affirmative defense in an
answer to the complaint results in a waiver of the defense. *See*
Conjugal Partnership v. Conjugal Partnership, 22 F.3d 391, 400
(1st Cir. 1994). The purpose of this requirement is to give the
plaintiff sufficient notice to develop evidence and arguments to
oppose the defense. *See* Knapp Shoes, Inc. v. Sylvania Shoe Mfg.
Corp. 15 F.3d 1222, 1226 (1st Cir. 1994). The central concern is
the prevention of unfair surprise and prejudice, which a trial
Court should evaluate within the totality of the circumstances of
the case. *See* Wolf v. Reliance Standard Life Ins. Co., 71 F.3d
444, 450 (1st Cir. 1995). However, there are exceptions to this
rule. For example, a party may present affirmative defenses later
in the proceedings when there is no prejudice to the opposing
party. *See* Conjugal Partnership, 22 F.3d at 400. Likewise, another
exception occurs when grounds for the affirmative defense were not
evident at the time the answer to the complaint was filed. *See*
Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003).

The Court will not consider solely the extent to which the
defense is detrimental to the Estate because all affirmative
defenses are intended to be detrimental to the plaintiff. *See* Smith
v. Travelers Casualty Ins. Co. of Am., 932 F.3d 302, 309 (5th Cir.
2019) (quotation omitted). Instead, the Court's evaluation of

prejudice will be limited to whether the defense **substantially changes the party's theory of the case or is introduced too late for the plaintiff to prepare**. Id.; *See also* Wolf, 71 F.3d at 450 (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1487 (3d ed. 1990)). As discussed below, the affirmative defenses presented in the draft JPPM and in the final JPPM were not filed late enough to leave the Estate without time to prepare.

For example, Joglor, LLC v. First American Title Insurance Co. held the plaintiff was not prejudiced in the assertion of a new defense for three reasons: (1) the plaintiff held the evidence that prompted the defense, which the defendant did not receive until discovery; (2) the earlier defenses encompassed the current one, and (3) the plaintiff had sufficient time to brief the defense. *See* Joglor, LLC v. First American Title Insurance Co., 261 F. Supp. 3d 224, 231-32 (D.P.R. 2016).

A similar scenario to Joglor's occurs herein. First, the Estate, in claiming ownership of the Copyrighted Works at issue, is the party most likely to have the evidence applicable to the affirmative defenses. (Docket No. 490 at 4). Defendants maintain they plan to rely mostly on evidence presented by the Estate during discovery, which further supports the conclusion that these defenses arose out of Discovery information held by the Estate. Id. Secondly, the affirmative defenses brought by Defendants are

broadly encompassed in the Estate's ability to assert ownership of the copyrights. Id. The Court finds it reasonable to conclude that, throughout the Discovery Period, evidence would arise as to certain defenses, namely: (1) the presence of co-owners, (2) the identification of the Works, (3) the publication of the Works, and (4) the existence of Copyright misuse. (Docket No. 472 at 19). Finally, the defenses were first raised in Defendants' draft JPPM on January 30, 2019. Id. at 7. Therefore, each party had over a year to brief these defenses prior to trial, which is currently scheduled for September 2020.

In Puerto Rico Tel. Co. v. San Juan Cable Co., the District of Puerto Rico similarly held the defendant's assertion of Parker immunity as a new affirmative defense did not prejudice the plaintiff, which the Court found was evinced by the plaintiff's thorough opposition to it. See Puerto Rico Tel. Co. v. San Juan Cable Co., 196 F. Supp. 3d 207, 235 (D.P.R. 2016), aff'd sub nom. Puerto Rico Tel. Co. v. San Juan Cable Co., 874 F.3d 767 (1st Cir. 2017). In that case, the defense was not raised days before trial but during summary judgment and no additional discovery was necessary. Id. See also Calloway v. Marvel Entm't Grp., 110 F.R.D. 45, 48 (S.D.N.Y. 1986) (allowing amendment of answers to include defenses of fair use of copyrighted material, apparent authority, and equitable estoppel because there was no indication of undue delay, no need for additional discovery, nor any prejudice to

plaintiff). This parallels the current case because the Estate
filed two lengthy oppositions to Defendants' claims. (Docket Nos.
457 and 483). Further, Defendants claim they listed all the
evidence pertaining to the defenses in the draft JPPM sent to the
Estate in January 2019. (Docket No. 472 at 7). *See e.g.*, <u>Sorenson
v. Wolfson</u>, 96 F. Supp. 3d 347, 364-65 (S.D.N.Y. 2015) (holding
that a defendant could permissibly raise an affirmative defense
for the first time in the Joint Proposed Pretrial Memorandum
because it did not prejudice the plaintiff). Hence, this Court
determines that permitting the additional defenses would not delay
the proceedings any further.

Additionally, it appears that no discovery is needed for the
Estate to refute the newly-asserted defenses because the relevant
evidence in opposition and in support of the defenses was made
available to it during discovery. <u>Id.</u> Notably, the Court has
previously stated that it would not allow the reopening of
discovery. (Docket No. 392). *See* <u>Wolf v. Reliance Standard Life
Ins. Co.</u>, 71 F.3d 444, 450 (1st Cir. 1995) (holding that a defense
raised days before trial prejudiced plaintiffs and should not be
admitted because it would have re-opened discovery). Thus, the
evidence on which Defendants may rely to support their affirmative
defenses will be limited to evidence already on the record to
prevent prejudice to the Estate in the form of delay of the trial
to gather evidence to refute the defenses. With this restriction,

the Court **DENIES** the Estate's request to preclude the affirmative defenses and finds that Defendants may raise the newly-asserted affirmative defenses.

## C. EXPERT WITNESS DISCLOSURE

Lastly, Defendants included three expert witnesses in the JPPM, of which they intend to use only one – Edgard Nevárez ("Nevárez"). (Docket No. 472 at 7-8). The Estate contends the exclusion of his testimony is just and necessary as he was not disclosed at the time submission of expert witnesses was required per Rule 26 and the Case Management Order ("CMO") (or 30 days before the close of discovery). (Docket Nos. 159; 457 at 9 n.6). The Estate argues that Nevárez is an expert witness presented in response to their expert witness Allende Goitía. (Docket No. 483 at 14-15). As Nevárez was disclosed more than 30 days after the Estate's disclosure, the Estate contends Nevárez's disclosure was untimely and his testimony must be precluded. Id. In addition to the alleged untimely disclosure, no expert report has been submitted for Nevárez. Id. at 15. The Estate further contends that Defendants' failure to comply with Rule 26 was not justified and instead was the result of a failed litigation strategy. Id. at 8.

On the other hand, Defendants contend Nevárez qualifies as one of the exceptions to general sanctions provided by the First Circuit case Gagnon and suggest its five-factor test for reviewing preclusion favors admitting his testimony. (Docket No. 472 at 3);

*See* Gagnon v. Teledyne Princeton, 437 F.3d 188, 197 (1st Cir. 2006) (including late disclosures of a potential witness known to all parties as permissible noncompliance). Defendants further claim that Nevárez's testimony is mostly factual and would be in response to the Estate's expert, thus making its untimely disclosure substantially justified or harmless. (Docket No. 472 at 11). Defendants explain they have presented him as an expert witness to guard his testimony from limitations because some aspects of it may be considered expert testimony. Id. at 13.

Before determining whether Nevárez was untimely disclosed, the Court will first determine the appropriate classification for Nevárez as a witness. Based on his classification, the Court will then determine whether Defendants have made the necessary disclosures and have met the deadline for those disclosures.

Fed. R. Civ. P. 26(a)(2)(B) and (C) provide report and disclosure requirements for two types of expert witnesses. *See* Wai Feng Trading Co. Ltd., 2018 WL 6726557, at *5. Under Rule 26, a detailed written report is solely required for a witness who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. Rule 26(a)(2)(B). If a witness is not specially employed or retained for the purpose of litigation and his opinion is based on observation of the events at issue, no Rule 26 report is necessary. *See* Downey, 633 F.3d at

7. Further, the Advisory Committee notes to Rule 26 emphasize that the disclosures required under Rule 26(a)(2)(C) are "considerably less extensive than the report required by Rule 26(a)(2)(B)." Advisory Committee Notes on 2010 Amendment to Fed. R. Civ. P. 26.

For example, in <u>Downey</u> the First Circuit held that an expert witness report did not have to be filed for an exterminator testifying at trial. *See* <u>Downey</u>, 633 F.3d at 8. The Court found that he was an expert witness for whom a report under Rule 26(a)(2)(B) was not necessary because his testimony arose from his "ground-level involvement in the events giving rise to the litigation" rather than from his enlistment as an expert. <u>Id.</u> at 6. The Court also determined that a report was not necessary under Rule 26 because he based his opinion on "personal knowledge and information gleaned in the course of his initial inspection." <u>Id.</u> at 8. In the case at bar, Nevárez, as the musical director of SMYSO, played a key role in the events giving rise to this litigation. (Docket 472 at 12). Defendants' purported use of his testimony – to answer whether Defendants have modified La Selecta's music to harm the Estate's reputation – relates directly to Nevárez's role as the band's musical director. <u>Id.</u> at 15. Therefore, if his testimony is limited to his knowledge of the band's music prior to the litigation, no expert witness report is required under Rule 26.

Referencing <u>Downey</u>, <u>Saucedo v. Gardner</u> held that an expert's disclosure pursuant to Rule 26(a)(2)(C) included "the subject matter of his testimony and a summary of the facts and opinions to which he is expected to testify." <u>Saucedo v. Gardner</u>, 2018 WL 1175066, at *2-3 (D.N.H. 2018). But, the disclosure required by Rule 26(a)(2)(C), while less extensive than Rule 26(a)(2)(B)'s, must not be generic or conclusory. <u>Id.</u> The <u>Saucedo</u> Court determined that Defendants' disclosure of the subject matter, opinions, and specific factual topics to be included in testimony was sufficient. <u>Id.</u> *Cf*. <u>Yerramsetty v. Dunkin' Donuts Ne., Inc.</u>, 2020 WL 533130, at *7-8 (D. Me. 2020) (holding that expert witness disclosures that plainly stated that the treating physician would testify as to "causation, prognosis, disability, and future medical expenses" were too vague to satisfy Rule 26(a)(2)(C), and, therefore, preclusion of expert witness testimony was proper).

In the present case, Defendants' disclosure of Nevárez as an expert witness more closely resembles the expert's disclosure in <u>Saucedo</u> than <u>Yerramsetty</u>. Defendants stipulated in the draft JPPM that Nevárez has knowledge of the reproduction and adaptation of the Copyrighted Works, the common practices of La Selecta including the public performances of the Copyrighted Works, Defendants' profits and the creation of SMYSO. (Docket No. 472-4 at 140). They further disclose his expert knowledge of the "composition, arrangement, and production of popular music, including (but not

limited to) music in the salsa genre, the history of the salsa
genre, and the contributions of Samuel Marrero González to the
salsa genre." Id. at 141-42. Additionally, in May 2019, Defendants
provided the Estate with a copy of Nevárez's resume and
professional qualifications. (Docket No. 472-6 at 1). The Court
thus finds that the disclosure is not generic or conclusory and is
thus sufficient under Rule 26(a)(2)(C).

As to the timing of the Rule 26(a)(2)(C) disclosures, the
District of New Hampshire in Sprague v. Liberty Mut. Ins. Co. held
that the deadline established in the "Discovery Plan" did not apply
to experts who are not specially retained. See Sprague v. Liberty
Mut. Ins. Co., 177 F.R.D. 78, 79 (D.N.H. 1998). The plan set a
date for disclosure of all retained experts under Rule 26(a)(2)
but was silent as to experts who were not specially retained to
testify. Id. The Court held that Plaintiff was required to disclose
non-retained experts only ninety (90) days before the trial date.
Id. at 80; see also Westerdahl v. Williams, 276 F.R.D. 405, 408
n.3 (D.N.H. 2011) (holding that expert's late disclosure was
harmless partly given that "[i]nsofar as Williams argues that this
disclosure was untimely […] it is not clear from the [discovery]
plan that this deadline even applies to non-retained experts.")

Similarly, the applicable Case Management Order ("CMO")
stipulates that all Rule 26(a)(2)(B) disclosures, which apply to
retained or specially employed expert witnesses, must be made by

Defendants thirty (30) days before the discovery deadline. (Docket No. 159 at 3-4). However, Nevárez was not specially retained for the litigation – he is a Defendant in the case at bar. Further, as concluded above, his involvement in the events giving rise to the litigation have led the Court to conclude he is not an expert subject to Rule 26(a)(2)(B) requirements. As in <u>Sprague</u>, here the CMO does not set a deadline for non-retained experts. <u>Id.</u> Therefore, the Court determines the Rule 26(a)(2)(C) deadline – at least ninety (90) days before trial – applies to the Defendants' disclosure of Nevárez. His disclosure is timely and subject to the lesser requirements of Rule 26(a)(2)(C). The Court **DENIES** the Estate's request to preclude Nevárez from testifying as an expert witness.

## IV.  CONCLUSION

For the reasons analyzed above, the Court **GRANTS IN PART AND DENIES IN PART** the Estate's *Motion in Limine* at Docket No. 457. As to the YouTube videos, their untimely disclosure justifies their exclusion from evidence. The harm and prejudice caused by admitting the videos into evidence are not negated by the fact that they are publicly available. Regarding the affirmative defenses, they may be appropriately raised at trial. The Court will, however, preclude from evidence any information that was not presented during the discovery period, even if the delay is related to these defenses as being newly raised. Lastly, Nevárez's testimony is that of an

expert witness under Rule 26(a)(2)(C) and was not required to render a report. The Court will permit his testimony given his involvement in the events that gave rise to the litigation as SMYSO's musical director.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 4th day of August 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge